No. 25,591.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant*, v. FRED
VAGUE, *Appellee.*

SYLLABUS BY THE COURT.

TRIAL—*Special Findings—Evidence.* An examination of the record is held to
show that the special findings of the trial court against the plaintiff are sus-
tained by the evidence and compel an affirmance of the judgment.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed April 11, 1925. Affirmed.

*T. A. Noftzger, Geo. W. Cox, W. J. Masemore, R. L. Nesmith, Benjamin F.
Hegler,* all of Wichita, *A. C. Malloy, R. C. Davis,* and *Warren H. White,* all of
Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the Kansas Wheat
Growers Association against Fred Vague to recover damages for
his failure to deliver wheat in accordance with the contract.

The application for membership and the execution of the con-
tract was admitted, but defendant alleged that he was induced to
sign the application upon the false representation that all the wheat
growers except three living in the community had joined the asso-
ciation and signed agreements to deliver their wheat to the associa-
tion, and also the false and fraudulent representation that the asso-
ciation had or would procure the control of an elevator at Elmer, a
station in the neighborhood, where wheat could be delivered for the
year 1922. It appears that a large number of the wheat growers in
the neighborhood had not signed the application or agreement and
the association had not procured the elevator at Elmer in 1922 in
time to receive defendant's wheat when he threshed that crop, and he
had no place in which to store it, and defendant was compelled to
sell at the time he threshed the crop. It was conceded that the wheat
grown on the farm in 1923 was not delivered to the association.
Upon the evidence the court found that the contract was obtained
from the defendant by misrepresentation as to the number of mem-
bers residing in the neighborhood, and also that misrepresentations
were made in regard to furnishing a place for receiving defendant's
wheat in a local elevator. It was further found that the contract

would not have been entered into except for the misrepresentations made.

As a conclusion the court determined that the plaintiff was not entitled to recover, and therefore gave judgment for defendant.

The error assigned is that the evidence does not sustain the finding relating to misrepresentation of facts. There is some conflict in the evidence, but it is clear that there is in the record evidence tending to support the findings of the trial court. The dispute was a question of fact for the determination of that court and not for this one, and following the well-known rule, the findings conclude the controversy.

The judgment is affirmed.